# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

March 13, 2009

Southern District of New York
John J. Byrnes
*Attorney-in-Charge*

**BY HAND**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007

Re: **United States v. Frankie Perez**
    **08 Cr. 798 (DLC)**

Dear Judge Cote:

I write, in advance of sentencing in the above-captioned case, to request that the Court impose the minimum sentence permitted by statute, a sentence at the bottom of the stipulated guideline range of 120 months. Such as sentence is a lengthy sentence which adequately reflects the seriousness of the offense, promotes respect for law, provides just punishment, adequate deterrence and protection of the public.

## Guidelines Range and Plea Agreement

On December 22, 2008, Mr. Perez pleaded guilty to the one count indictment in this case, pursuant to plea agreement. As set forth in the plea agreement, the offense level is 31 and the criminal history category is I, with a corresponding guideline range of 108 to 135 months. However, because of the applicable mandatory minimum sentence in this case, the Stipulated Guideline Range is 120 to 135 months. The parties agree that a sentence within this range would constitute a reasonable sentence. The parties further agree that "neither party will seek a sentence outside of the Stipulated Guidelines." In accordance with this agreement, Mr. Perez now seeks a sentence at the bottom of the Stipulated Guideline Range.

## A sentence of 120 months is "sufficient but no greater than necessary" in this case.

### Background and Family History

Mr. Perez is a thirty year-old step-father of three children, who prior to his arrest in this case, had never spent

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

March 13, 2009  
Page 2

Re: **United States v. Frankie Perez**  
08 Cr. 798 (DLC)

any time in jail. Mr. Perez was born in New Jersey in 1979, but moved with his father to Puerto Rico when he was only two years old. His mother was an alcoholic who was unable to care for him or his brother, and essentially abandoned them when they were toddlers.

In Puerto Rico Mr. Perez had a difficult childhood. His father's girlfriend was "violent" towards him, and for his own protection he was placed in foster care for a period of two or three years, from approximately age 11 to 13. (PSR, ¶43). Because Mr. Perez moved around so much as a child, he never got settled for an extended period in school and ended up leaving school after completing only the ninth grade. After leaving school, when he was still only a teenager, he worked at a variety of unskilled jobs, as a dishwasher, cleaning houses, and also painting houses.

Mr. Perez worked at many of these jobs alongside his father.



Mr. Perez did eventually fall in love and became engaged to marry a young woman when he was still a teenager. However, only a few months after they met, the woman was the victim of a homicide. The murderer was apprehended and remains incarcerated. Mr. Perez is still saddened by this loss, more than a decade later.

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York  

March 13, 2009  
Page 3  

Re: **United States v. Frankie Perez**  
**08 Cr. 798 (DLC)**

When Mr. Perez was 21, he met Celines Santiago with whom he shared a nine-year relationship. Ms. Celines is 14 years older than Mr. Perez, and already had three children when they met, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Perez has raised these children as his own, and still has daily contact with his sons who continue to live at home with their mother.

As a result of his offense conduct, Mr. Perez left the home he shared with Ms. Santiago. Although there has never been any allegation or indication that Mr. Perez behaved in any way inappropriately with his children, Ms. Santiago was concerned that ACS officials would seek to take the children from her if she did not ask Mr. Perez to leave the home. Ms. Santiago is adamant that Mr. Perez was always completely responsible and appropriate in his behavior to his stepchildren, and they all miss him greatly.

**Work History**



**Remorse**

Mr. Perez is extraordinarily remorseful for his offense conduct. Although he was initially ashamed to admit his offense to his family, he has now done so because he knows that his full acceptance of responsibility and his acknowledgment of the wrong he has done and the harm he has caused is the first step in his successful rehabilitation.

Mr. Perez is very motivated to receive sexual offender treatment. Although it was not easy to do, he read carefully the

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

March 13, 2009  
Page 4

**Re:  United States v. Frankie Perez**  
**08 Cr. 798 (DLC)**

victim impact statement in the presentence report. In many ways, he identifies with his victim because he felt many of the same emotions when he himself was a victim of sexual abuse. In addition, it caused him to think about how he would feel if one of his stepsons were to be the victim of sexual abuse.

These are important first steps for Mr. Perez. The antidepressants that he has been prescribed at the MCC are also helping Mr. Perez sleep better and think more clearly. Although it will be many years before Mr. Perez is released into the community, he plans to take advantage of any programs offered by the Bureau of Prisons so that he is as prepared as he can possibly be to successfully reintegrate into the community as a law-abiding citizen.

For this reason, I ask that the Court recommend to the Bureau of Prisons that Mr. Perez be designated to the federal facility in Devens, Massachusetts. It is my understanding that this is the closest facility to the New York area, which also offers a sexual offender treatment program.

**Conclusion**

Mr. Perez is a 30 year-old man with one prior misdemeanor conviction arising out of an incident when he was 19 years old. He successfully completed one year of probation in 1999, ten years ago, and has had no contact with the criminal justice system until his current offense. He has never before spent any time in jail.

As set forth above, Mr. Perez had a difficult childhood marked by abandonment by his mother, foster care, sexual abuse, and the tragic murder of his first love. He has been taking prescribed antidepressants for several months, with good results.

Although the offense in this case is undeniably serious, the mandatory minimum sentence of ten years is sufficient to promote respect for law, protect the public, provide just punishment and deterrence, and reflect the seriousness of the offense.

Mr. Perez's remorse, his openness to treatment and his recognition of the harm that he has caused are all very positive steps, which bode well for Mr. Perez's successful rehabilitation.

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

March 13, 2009  
Page 5

Re: **United States v. Frankie Perez**  
08 Cr. 798 (DLC)

Given all of the circumstances, a sentence of ten years, the bottom of the guideline range set forth in the plea agreement is "sufficient but not greater than necessary" in this case.

Respectfully submitted,

Jennifer L. Brown  
Attorney for **Frankie Perez**  
(212) 417-8722

cc: Howard Master, Esq.  
    Assistant United States Attorney