April 2, 2009

**BY HAND**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007

    Re:  **United States v. Frankie Perez**
          **08 Cr. 798 (DLC)**

Dear Judge Cote:

    I write again to object to the holding of the Fatico hearing which has now been scheduled for April 6, 2009 at 10:00 a.m. The Government has informed defense counsel that it intends to call a single witness, a detective who interviewed the alleged victim. As I understand the Government's proffer, the detective will testify to the events as described in the Government's letter of March 27, 2009, and will also testify to the demeanor of the alleged victim during the interview.

    The testimony is offered to prove the "veracity of the allegations," and that the "defendant did in fact molest" the alleged victim.  The defense objects to the admission of this testimony for this purpose, and to the Court's reliance on the proffered testimony to enhance Mr. Perez' sentence.  The use of the testimony for this purpose would violate Mr. Perez' right to Due Process of law under the Fifth Amendment, and his Right to Confrontation of the witnesses against him under the Sixth Amendment.

    The defense recognizes that hearsay is admissible at a sentencing proceeding, and that the standard of proof at a Fatico hearing is only a preponderance of the evidence.  However the proposed testimony offers no guarantee of trustworthiness, and is inherently unreliable.  The detective who will testify has no personal knowledge of the events.  The detective's credibility and ability to recall events is not at issue.  The detective's evaluation of the veracity of the alleged victim is irrelevant. Without the opportunity to hear directly from the alleged victim, subject to cross-examination, the Court cannot make a reliable determination as to "the veracity of the allegations."

```
Honorable Denise L. Cote                              April 2, 2009
United States District Judge                          Page 2
Southern District of New York
```

  **Re:** **United States v. Frankie Perez**
    **08 Cr. 798 (DLC)**

  The detective's testimony adds nothing more to prove the veracity of the allegations, but simply establishes that allegations have been made. The fact that allegations have been made is uncontested, and was in fact, first brought to the Court's attention by the defense in January. Notably, this is not a case where the alleged victim made a prompt complaint to the proposed witness or anyone else. Rather, it is my understanding that the allegation was not made until after Mr. Perez had been arrested and the case had received some media attention. The proffered testimony falls within no firmly rooted hearsay exception.

  In the violation of supervised release context, the Second Circuit has required, where the proffered evidence falls within no firmly rooted hearsay exception, that the district court determine whether good cause exists to deny the defendant the opportunity to confront the adverse witness. "In making that determination, the court must balance, on the one hand, the defendant's interest in confronting the declarant, against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay. See United States v. Williams, 443 F.3d 35, 45 (2d Cir. 2006). In this case, the government has not offered any reason for not producing the alleged victim. The defendant's interest in confronting the alleged victim is strong, and the reliability of the hearsay evidence, given the detective's lack of any first hand knowledge of events, is weak.

  Although Crawford v. Washington, 541 U.S. 36 (2004) does not prohibit hearsay testimony at sentencing proceeding, its rule "derives from the principle that cross-examination is a better engine of truth-determination than a judge's assessment of the reliability of uncross-examined hearsay." Mungo v. Duncan, 393 F.3d 327, (2d Cir. 2004), citing Crawford, 124 S.Ct. At 1370. Particularly under these circumstances, where such a serious allegation has been made, due process demands that the evidence put before the Court have a greater indicia of reliability than the proffered evidence in this case.

```
Honorable Denise L. Cote                              April 2, 2009
United States District Judge                          Page 3
Southern District of New York
```

    **Re:** **United States v. Frankie Perez**
         **08 Cr. 798 (DLC)**

                                              Respectfully submitted,

                                              Jennifer L. Brown
                                              Attorney for **Frankie Perez**
                                              (212) 417-8722

cc:   Howard Master, Esq.
       Assistant United States Attorney