

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

April 1, 2009

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    ***United States v. Frankie Perez,***
           **No. 08 Cr. 798 (DLC)**

Dear Judge Cote:

      I write in response to the March 31, 2009 letter  of Jennifer Brown, Esq., attorney for defendant Frankie Perez, in the above-captioned case.  In the letter, Ms. Brown takes issue with the Government's offer in its March 27, 2009 sentencing memorandum to prove at a *Fatico* hearing that the defendant molested a second child ("Child-2"), in addition to the child whom Perez had previously admitted to molesting in his plea allocution ("Child-1"), should the defendant dispute that he committed the offense, and should the Court determine that the facts and circumstances of this additional offense are relevant to its sentencing determination.  (Gov't Sentencing Mem. 4).  Ms. Brown contends that a *Fatico* hearing on this issue is not necessary because the parties agree on the Sentencing Guidelines range applicable to the defendant, and that "the Government's suggestion in its letter that a *Fatico* hearing may be necessary violates the plea agreement," in which the parties agree that no downward or upward departure from the 120-135 month Sentencing Guidelines range is appropriate.

      Ms. Brown's assertion is incorrect.  The Government did not violate the plea agreement, and its offer to prove the veracity of Child-2's allegations through competent evidence at a *Fatico* hearing was wholly proper.  The Government stands by the plea agreement,[1] and it agrees with Ms. Brown that the Sentencing Guidelines range was correctly calculated, that neither a downward nor upward departure from the range is appropriate, and that neither the Probation Department nor the Court should not consider a sentence outside the range.  (Plea Agreement 3).  However, the plea agreement also places no limitation on "the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; [or] (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced." (*Id.*).  While the parties agree on the sentencing Guideline *range*, Ms. Brown clearly does not agree with the Government's arguments

---

    [1] A copy of the plea agreement is attached hereto as Exhibit A.

Hon. Denise L. Cote
April 1, 2009
Page 2 of 3

concerning where *within* the sentencing Guideline range the defendant should be sentenced; the Government seeks a sentence at the top of the range, and the defendant seeks a sentence at the bottom of the range. Nor does the defendant agree with the Government's argument that a lifetime sentence of supervised release is appropriate, based on the nature and circumstances of the defendant's offense and other factors set forth in the Government's sentencing memorandum. Thus, there remains a dispute between the parties over what sentence should be imposed on the defendant.

The Government's sentencing memorandum offered several facts in support of its position that the defendant should receive a sentence of 135 months' imprisonment and lifetime supervised release. Most of those facts are undisputed: the defendant's calculated, relentless and long-term sexual abuse of Child-1, which was facilitated through the defendant's access to New York City public schools and which devastated Child-1 and his family; the defendant's admitted sexual attraction to underage boys; his efforts to obtain access to other underage boys in part by volunteering at New York City public schools; and his prior attempts over the Internet to engage in sexual communications and contact with individuals whom he believed to be underage boys. These undisputed facts alone are more than sufficient to support the 135-month incarceratory sentence and lifetime sentence of supervised release sought by the Government.

The Government is, however, prepared to prove the veracity of the allegations made by Child-2 concerning the defendant, should the Court determine that the facts of the defendant's offense against Child-2 are relevant to its sentencing determination. Ms. Brown first raised these allegations in her letter of January 30, 2009, in support of the defendant's decision to exercise his Fifth Amendment right against self-incrimination and refuse to submit to a psychological evaluation ordered by the Court.[2] In that letter, Ms. Brown states that the defendant "adamantly denies the additional allegations which have been brought in the press" concerning Child-2. (Jan. 30, 2009 Ltr. 1). After consultation with the Bronx District Attorney's Office and law enforcement officers who investigated the defendant's offense against Child-2, the Government is prepared to establish through competent evidence that the defendant's denials are without merit, and that the defendant did in fact molest Child-2. The plea agreement explicitly permits the Government to offer any facts that may be relevant to sentencing (Plea Agreement 3), and it was not unreasonable for the Government to believe that the defendant's sexual abuse of a second known victim might be relevant to the Court's sentencing determination.

Moreover, the Second Circuit has made clear that, where disputed by a defendant, the Government must be prepared to prove the veracity of allegations that the defendant committed another uncharged crime in order to protect the defendant's Due Process rights. *See United States v. Juwa*, 508 F.3d 694, 700-01 (2d Cir. 2007) (holding that District Court improperly enhanced sentence based on allegations of sexual abuse contained in an indictment on grounds that "[s]ome additional information, whether testimonial or documentary, is needed to provide evidentiary support for the charges and their underlying facts"). Based on this governing law, the Government offered to prove the veracity of the allegations concerning Child-2, which are

---

[2] A copy of Ms. Brown's January 30, 2009 letter is attached hereto as Exhibit B.

Hon. Denise L. Cote
April 1, 2009
Page 3 of 3

disputed by the defendant, through competent evidence at a *Fatico* hearing. It did so in order to permit the Court to rely on the additional crime against Child-2 in support of its sentencing determination, should the Court wish to do so, while still protecting the defendant's Due Process rights to "adamantly den[y]" the allegations concerning Child-2.

Accordingly, while the Government believes that a *Fatico* hearing concerning Child-2 is not necessary for the Court to find that a sentence of 135 months' imprisonment and lifetime supervised release is appropriate under the factors set forth in 18 U.S.C. § 3553(a), the Government is prepared, consistent with its rights and obligations under the plea agreement, to offer facts related to the defendant's abuse of Child-2 at a *Fatico* hearing should the Court determine that these facts are relevant to its sentencing determination.

Respectfully submitted,

LEV L. DASSIN
Acting United States Attorney
Southern District of New York

By:    Howard S. Master
Assistant United States Attorney
212-637-2248

cc:    Jennifer Brown, Esq., Attorney for Defendant





**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 1, 2008

Jennifer L. Brown, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007

        **Re:** <u>United States</u> v. <u>Frankie Perez</u>,
         No. 08 Cr. 798 (DLC)

Dear Ms. Brown:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Frankie Perez ("the defendant") to Count One of the above-referenced Indictment. Count One charges the defendant with using a facility of interstate commerce to persuade, induce, entice, and coerce a child to engage in sexual activity, in violation of Title 18, United States Code, Section 2422(b). The charged offense carries a mandatory minimum sentence of 10 years' imprisonment, a maximum sentence of life imprisonment, a maximum fine of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than the defendant as a result of the offense, a mandatory minimum term of supervised release of 5 years, and a maximum term of supervised release of life, and a $100 special assessment. In addition to the foregoing, the Court must order restitution in accordance with Sections 3663, 3663A and 3664 of Title 18, United States Code.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for his efforts to entice, induce, coerce, and persuade the minor victim referenced in the Indictment to engage in a sexual relationship with the defendant from in or about 2005 to in or about March 2008, as charged in Count One of the Indictment. In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2008.06

Jennifer L. Brown, Esq.
December 1, 2008
Page 2 of 6

In consideration of the foregoing and pursuant to Sentencing Guidelines Section 6B1.4, the parties hereby stipulate to the following:

**A.    Offense Level**

1.    The November 1, 2008 United States Sentencing Guidelines ("U.S.S.G.") apply to this case.

2.    The sentencing guideline applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2G1.3. Pursuant to U.S.S.G. § 2G1.3(a)(3), the base offense level is 28.

3.    Because the defendant unduly influenced a minor to engage in prohibited sexual conduct, the offense level is increased by 2 levels pursuant to U.S.S.G. § 2G1.3(b)(2)(B).

4.    Because the offense involved use of an interactive computer service to persuade, induce, entice, and coerce a minor to engage in prohibited sexual conduct, the offense level is increased by 2 levels pursuant to U.S.S.G. § 2G1.3(b)(3)(A).

5.    Because the offense involved commission of a sex act and sexual contact, the offense level is increased by 2 levels pursuant to U.S.S.G. § 2B1.1(b)(3).

6.    Assuming the defendant clearly demonstrates acceptance of responsibility through his guilty plea and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence and gave timely notice of his intention to enter a plea of guilty and thereby permitted the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, an additional 1-level reduction will be warranted pursuant to U.S.S.G. § 3E1.1(b).

In accordance with the above, the applicable Guidelines offense level is 31.

**B.    Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points. Accordingly, his criminal history category is I.

2008.06

Jennifer L. Brown, Esq.
December 1, 2008
Page 3 of 6

### C.   Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range on Count One is 120 to 135 months' imprisonment (Zone D) (the "Stipulated Guidelines Range").[1]  In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to §5E1.2.  At Guidelines level 31, the applicable fine range is $15,000 to $150,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Probation Department consider such a departure or adjustment, or suggest that the Court *sua sponte* consider such a departure or adjustment.

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a).  In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Department consider a sentence outside of the Stipulated Guidelines Range, or suggest that the Court *sua sponte* consider a sentence outside of the Stipulated Guidelines Range.

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this agreement limits the right of the parties (i) to present to the Probation Department or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced; (iii) to seek an appropriately adjusted Sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should the defendant move to withdraw his/her guilty plea once it is entered, or should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

---

[1] The defendant's Stipulated Guidelines Range would be 108 to 135 months' imprisonment but for the 10 year (120 month) mandatory minimum sentence applicable to the defendant's offense.

Jennifer L. Brown, Esq.
December 1, 2008
Page 4 of 6

It is understood that pursuant to Sentencing Guidelines §6B1.4(d), neither the Probation Department nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Department or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

By entering this plea of guilty, the defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. The defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

2008.06

4

Jennifer L. Brown, Esq.
December 1, 2008
Page 5 of 6

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

It is further agreed that should the conviction following defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

2008.06

5

Jennifer L. Brown, Esq.
December 1, 2008
Page 6 of 6

    Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney

By: _____
Howard S. Master
Assistant United States Attorney
(212) 637-2248

APPROVED:

_____
Bonnie Jonas
Chief, General Crimes Unit

AGREED AND CONSENTED TO:

_____
Frankie Perez

_____
12/22/08
DATE

APPROVED:

_____
Jennifer L. Brown, Esq.
Attorney for Frankie Perez

_____
12/22/08
DATE

2008.06

6



# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Leonard F. Joy
*Executive Director*

January 30, 2009

*Southern District of New York*
John J. Byrnes
*Attorney-in-Charge*

**BY HAND**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007

Re:   **United States v. Frankie Perez**
       **08 Cr. 798 (DLC)**

Dear Judge Cote:

I write, in the above-captioned case, to object, on Fifth Amendment grounds, to the Court's order that Mr. Perez participate in a psycho-sexual evaluation as part of the pre-sentence investigation in this case.

Mr. Perez has pleaded guilty in this case, pursuant to plea agreement, and is currently pending sentence. I have been informed by the probation department that the Court has ordered a psycho-sexual evaluation to be conducted by the probation department as part of the pre-sentence investigation. I write now to set forth my objection to the evaluation being conducted.

Mr. Perez pled guilty to the charge in the indictment against him on December 22, 2009. Sometime after his plea, earlier this month, an allegation was made, in the news media, claiming that Mr. Perez had committed a separate sexual offense, unrelated to his guilty plea. It was reported in the news that an investigation is currently ongoing in Bronx County relating to the allegations. To date, no formal charges have been brought. Although Mr. Perez has fully admitted his offense conduct in this case, he adamantly denies the additional allegations which have been brought in the press.

While a psychological evaluation would ordinarily be appropriate to assist the Court in sentencing Mr. Perez, under these circumstances, such an evaluation would subject Mr. Perez to questioning which would compromise his Fifth Amendment rights with respect to the pending investigation. Any of his statements

Honorable Denise L. Cote                    January 30, 2009
United States District Judge                Page 2
Southern District of New York

Re:  **United States v. Frankie Perez**
       **08 Cr. 798 (DLC)**

on any number of issues, for example – questions about his
current sexual offense, the pending allegations, his sexual
preferences, his sexual history, his employment history -- could
potentially be used against him in a future criminal proceeding,
should charges be filed in Bronx County.

     The Supreme Court has held that a defendant retains his
Fifth Amendment right against self-incrimination through
sentencing, and that no adverse inference may be drawn from his
assertion of the right.  See Mitchell v. United States, 526 U.S.
314 (1999).  The basis for Mr. Perez's assertion of his Fifth
Amendment right to remain silent is even stronger, under these
circumstances, when a criminal investigation is currently
pending.

     With respect to sentencing in this case, the Court will have
the submissions of the parties to assist the Court, as well as
the pre-sentence investigation report.  Mr. Perez is subject to a
mandatory minimum sentence of ten years in this case.  I have
advised both the Government and the probation department that I
do not intend to raise any psychological issues at the time of
sentencing.  Moreover, the defense will not object to the
imposition of sex-offender treatment during incarceration or as a
condition of supervised release in this case.

     For the above stated reasons, the defense objects to the
probation officer's request to conduct a psycho-sexual evaluation
in this case.

                              Respectfully submitted,

                              Jennifer L. Brown
                              Attorney for **Frankie Perez**
                              (212) 417-8722

cc:  Howard Master, Esq.
     Assistant United States Attorney