

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

April 3, 2009

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Frankie Perez*,
              No. 08 Cr. 798 (DLC)

Dear Judge Cote:

      Enclosed please find copies of 3500 material and a Government exhibit concerning two witnesses whom the Government intends to call at the *Fatico* hearing in the above-captioned case scheduled for Monday, April 6, 2009, at 10:00 a.m.: Detective Jose Rosa of the New York City Police Department, Bronx Special Victims Unit, and "F.R.," the mother of Child-2, who is identified in the redacted 3500 materials as "B.M."[1]

      Det. Rosa will testify about his observations of and discussions with B.M. and F.R. concerning the incident of sexual abuse that B.M. revealed to F.R. and law enforcement. F.R. will testify concerning the process that led her to hire the defendant as a tutor and babysitter, her decision to stop using the defendant as a tutor and babysitter, and B.M.'s revalation to her of the defendant's sexual abuse of him. The Government wishes to inform the Court and the defendant that F.R. has retained an attorney, and is contemplating litigation against the New York City Department of Education and the defendant, arising out of the incident.

      While B.M. will not testify himself concerning the incident, use of hearsay testimony concerning the incident is proper in the *Fatico* proceeding. As the Second Circuit has established, the Court has "broad discretion" to consider "all relevant information" when making

---

[1] The Government is redacting names and other identifying information concerning B.M. pursuant to its obligations under 18 U.S.C. § 3509(d)(1), which obligates the Government to protect the name and other identifying information concerning a child. An unredacted copy of these materials will be provided to the Court for filing under seal pursuant to 18 U.S.C. § 3509(d)(2). The Government is providing the full names of B.M. and F.R. to the defendant pursuant to 18 U.S.C. § 3509(d)(4), in order to ensure that the defendant is effectively able to effectively cross-examine Det. Rosa or F.R., or testify in his own defense.

Hon. Denise L. Cote
April 3, 2009
Page 2 of 2

factual findings pertaining to sentencing. *United States* v. *Pico*, 2 F.3d 472, 475 (2d Cir. 1993); *United States* v. *Prince*, 110 F.3d 921, 924 (2d Cir. 1997). Sentencing proceedings do not require "all the procedural safeguards and strict evidentiary limitations of . . . criminal trial[s]." *United States* v. *Martinez*, 413 F.3d 239, 244 (2d Cir. 2005) (citing *United States* v. *Fatico*, 603 F.2d 1053, 1054 (2d Cir. 1979)). A sentencing court is not limited to "admissible evidence" in making its sentencing determination, *United States* v. *Brinkworth*, 68 F.3d 633, 640 (2d Cir. 1995), and may instead consider any "reliable" proof. *See* U.S.S.G. 6A1.3, comment. ("sentencing judges are not restricted to information that would be admissible at trial," but may consider any reliable evidence); *United States* v. *Shonubi*, 998 F.2d 84, 89 (2d Cir. 1993). For example, it is permissible for a sentencing court "to rely on hearsay information supplied by witnesses whom the accused could neither confront nor cross-examine." *Torres* v. *Berbary*, 340 F.3d 63, 72 (2d Cir. 2003) (citing *United States* v. *Fatico*, 579 F.2d 707, 711 (2d Cir. 1978)). Due process merely protects a defendant from being sentenced on the "basis of materially incorrect information" and requires at least "some minimal indicia of reliability to accompany a hearsay statement." *Martinez*, 413 F.3d at 243. Here, the Court will be able to avail itself of the testimony of Det. Rosa, who will corroborate the testimony of F.R. concerning statements made by B.M., as well as the non-hearsay testimony of F.R. and Det. Rosa concerning their observations of B.M.'s demeanor when explaining how the defendant molested him, and the non-hearsay testimony of F.R. concerning her interactions with the defendant. This testimony, which is further corroborated by the defendant's admissions in the instant proceeding that he sexually abused another child and that he was sexually attracted to children, is more than sufficient to establish that the defendant did in fact molest B.M.

Finally, the Government requests that the Court permit the witnesses to refer to B.M. and B.M.'s family members, including F.R., only by their initials in order to avoid further traumatizing B.M. and his family concerning the incident through publication of their names or other identifying information concerning B.M. The Government submits that such measures are "necessary to protect the privacy of [B.M.]," 18 U.S.C. § 3509(d)(2)(B)(ii), and that they are lesser in scope and degree than the courtroom closure that would be authorized for testimony of this nature under 18 U.S.C. § 3509(d)(2)(B)(i). The Government has not yet been able to determine whether the defendant would object to this procedure. In the event that the defendant does so, the Government will seek a protective order from the Court restricting disclosure of the names or other identifying information sunder 18 U.S.C. § 3509(d)(2)(B)(ii).

        Respectfully submitted,

        LEV L. DASSIN
        Acting United States Attorney
        Southern District of New York

By: *[signature]*

        Howard S. Master
        Assistant United States Attorney
        212-637-2248

cc:    Jennifer Brown, Esq.