08cr0798(DLC)

**MANDATE**

09-1564-cr
USA v. Perez

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2010

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1        At a stated term of the United States Court of Appeals
 2   for the Second Circuit, held at the Daniel Patrick Moynihan
 3   United States Courthouse, 500 Pearl Street, in the City of
 4   New York, on the 23rd day of September, two thousand and
 5   ten.
 6
 7   PRESENT: ROGER J. MINER,
 8            PIERRE N. LEVAL
 9            RICHARD C. WESLEY,
10                 Circuit Judges.
11
12   _____
13
14   UNITED STATES OF AMERICA,
15
16                 Appellee,
17
18        -v.-                                          09-1564-cr
19
20   FRANKIE PEREZ, also known as
21   Perez2250X@aol.com, also known as
22   Bxloveboy22@aol.com,
23
24                 Defendant-Appellant.
25   _____
26
27
```

(FILED SEP 23 2010 — Catherine O'Hagan Wolfe, Clerk, United States Court of Appeals, Second Circuit)

MANDATE ISSUED ON 10/18/2010

```
1    FOR APPELLANT:      EDWARD S. ZAS, Federal Defenders of New
2                        York, Inc., Appeals Bureau, New York, NY.
3
4    FOR APPELLEE:       HOWARD S. MASTER, KATHERINE POLK FAILLA,
5                        Assistant United States Attorneys, for
6                        Preet Bharara, United States Attorney for
7                        the Southern District of New York, New
8                        York, NY.
9
```

10    Appeal from the United States District Court for the
11 Southern District of New York (Cote, *J.*).

13    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED**
14 **AND DECREED** that the judgment of the district court be
15 **AFFIRMED**.

16    Defendant-appellant Frankie Perez appeals from a
17 judgment entered April 8, 2009 in the United States District
18 Court for the Southern District of New York (Cote, *J.*),
19 convicting him upon a plea of guilty to one charge of using
20 a facility of interstate commerce to persuade, induce,
21 entice, and coerce a child to engage in sexual activity, in
22 violation of 18 U.S.C. § 2422(b).  On April 6, 2009, the
23 district court sentenced Perez principally to a term of 168
24 months' imprisonment.  We assume the parties' familiarity
25 with the underlying facts, the procedural history, and the
26 issues presented for review.

27    Perez first contends that his sentence should be
28 vacated as procedurally unreasonable because the district

1  court failed to employ the correct legal standard.  We are
2  unpersuaded.  Though the district court *did* recite the
3  improper standard before imposing sentence — stating that
4  its duty was to impose a "reasonable" sentence, instead of
5  one "sufficient, but not greater than necessary" to fulfill
6  the goals of 18 U.S.C. § 3553(a)(2) — that misstatement does
7  not automatically render Perez's sentence procedurally
8  infirm.  "[T]he court's reference to imposing a 'reasonable'
9  sentence under the § 3553(a) factors, as opposed to say an
10 'appropriate,' 'sensible,' or 'fair' sentence under those
11 factors . . . does not invariably plant the seeds of
12 reversible error."  *United States v. Cruz*, 461 F.3d 752, 756
13 (6th Cir. 2006); *see also United States v. Ministro-Tapia*,
14 470 F.3d 137, 142 (2d Cir. 2006).  It is well settled that
15 we do not require "robotic incantations" on the part of
16 district judges when imposing sentences, *United States v.*
17 *Goffi*, 446 F.3d 319, 321 (2d Cir. 2006), and we will
18 "entertain a strong presumption that the sentencing judge
19 has considered all arguments properly presented to her,
20 unless the record clearly suggests otherwise," *United States*
21 *v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006).  Here, there
22 is no basis to conclude that the district court failed to

3

understand the command of the parsimony clause in sentencing Perez.

Perez next contends that the sentence imposed was procedurally unreasonable because the district court failed to explain the basis for its upward departure from the Guidelines range calculated by the Probation Office. *See* 18 U.S.C. § 3553(c)(2); U.S.S.G. § 4A1.3(c). Because Perez failed to raise this argument to the district court, we review only for plain error, *see, e.g., United States v. Brennan*, 395 F.3d 59, 71 (2d Cir. 2005), and we discern no such error. While the district court failed to provide a written statement of reasons to support its departure — from a criminal history category of I to a criminal history category of III — the court's basis for departing was clearly stated in open court, and is plain from the record before us.

"The inadequacy of a defendant's criminal history category is not merely a permissible basis for an upward departure . . . [but] an 'encouraged' basis for such a departure." *United States v. Simmons*, 343 F.3d 72, 78 (2d Cir. 2003) (citing *Koon v. United States*, 518 U.S. 81, 94-95 (1996)). The district court's decision to upwardly depart

4

from the recommended Guidelines range was justified in light of additional criminal conduct — to which Perez admitted but which did not form the basis of his original Guidelines calculation — that the court reasonably concluded would bear on his risk for recidivism. Moreover, the record amply supports the court's imposition of a sentence of 168 months' imprisonment, the apogee of the post-departure Guidelines range. Because the district judge's oral statements are sufficient to justify the departure — and ultimate sentence imposed — the judgment will not be disturbed. "[S]ection 3553(c)(2) does not require that a district court refer specifically to every factor in section 3553(a). A statement of the specific reason for the imposition of a sentence different from that recommended suffices." *United States v. Goffi*, 446 F.3d 319, 321 (2d Cir. 2006) (internal quotation marks omitted).

Finally, though the district court neglected to include a written statement of reasons to support its departure pursuant to Section 3553(c)(2), that defect is not fatal to the sentence. "[W]here a reviewing court determines that a departure is neither 'too high' nor 'too low' within the meaning of 18 U.S.C. § 3742(f)(2), a district court's

1   failure to include in the written judgment an explanation

2   for its departure does not provide an independent basis for

3   remand." *United States v. Fuller*, 426 F.3d 556, 567 (2d

4   Cir. 2005). In the past, our Court has suggested it to be

5   the "better course" to remand such matters to the district

6   court for a supplementation of the written record. *See,*

7   *e.g., Goffi*, 446 F.3d at 322 n.2; *United States v. Jones*,

8   460 F.3d 191, 197 (2d Cir. 2006). However, on the

9   particular facts and circumstances of this case, we conclude

10  that remand is not warranted.

11      We reject Perez's remaining contentions as meritless.

12  For the foregoing reasons, the judgment of the district

13  court is hereby **AFFIRMED**.

14
15                                  FOR THE COURT:
16                                  Catherine O'Hagan Wolfe, Clerk
17
18
19

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit