```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FRANKIE PEREZ,                          :    13 Civ. 3025 (DLC)
                                        :       08 Cr. 798
                          Petitioner,   :
                                        :    MEMORANDUM OPINION
            -v-                         :         & ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                          Respondent.   :
                                        :
----------------------------------------X
```

For Petitioner:
Frankie Perez, proceeding pro se
# 61269-054
USP Atlanta
U.S. Penitentiary
P.O. Box 150160
Atlanta, GA 30315

DENISE COTE, District Judge:

Frankie Perez ("Perez") brings this pro se petition to vacate his conviction pursuant to 28 U.S.C. § 2255.  Perez, who was represented by the Federal Defenders Office, entered a plea of guilty and was sentenced to 168 months' imprisonment in 2009. Because his petition was filed more than a year after the one-year statute of limitations for the filing of habeas petitions and because he has failed to demonstrate a basis for equitable tolling, his petition is denied.

BACKGROUND

A judgment of conviction was entered against Perez on April 6, 2009. Perez appealed his conviction to the Court of Appeals for the Second Circuit, which affirmed his conviction on September 23, 2010. See United States v. Perez, 396 Fed. App'x 711 (2d Cir. 2010). In his appeal, Perez challenged the sentence that had been imposed. Perez did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final as of December 22, 2010, and his time to file a petition for a writ of habeas corpus expired on December 22, 2011.

On May 3, 2013, the Pro Se Office received petitioner's motion to vacate his conviction pursuant to 28 U.S.C. § 2255. The petition is dated April 29, 2013. The petition asserts that his rights were violated in three ways: (1) his attorney failed to request an evidentiary hearing; (2) the Government violated his plea agreement and failed to disclose unidentified exculpatory information; and (3) the Court lacked jurisdiction over him. The petition does not attach any documents.

On May 15, 2013, the Court issued an Order advising the petitioner that his conviction became final on December 22, 2010, and that the petition was filed after the one-year period of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Order also indicated,

however, that AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances and directed petitioner to show cause why the one-year statute of limitations should not bar his petition.  A copy of the Order is attached.

In response, on June 9, 2013, petitioner filed a short submission that includes three reasons why the one-year statute of limitations should be equitably tolled.  For the reasons described below, petitioner is not entitled to equitable tolling of the one-year statute of limitations and his petition is denied as untimely.

DISCUSSION

AEDPA provides a one-year period of limitations for a federal inmate to file a habeas petition under 28 U.S.C. § 2255. In the absence of equitable tolling, petitioner should have filed any habeas petition by December 22, 2011.

The one-year limitations period for Section 2255 petitions may be equitably tolled where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citation omitted).  The determination that circumstances faced by petitioner were "extraordinary" is "based not on how unusual the circumstance alleged to warrant tolling is among the

3

universe of prisoners, but rather, how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (citation omitted). As a general matter, "a garden variety claim of excusable neglect," Rivas, 687 F.3d at 538 (citation omitted), and the "usual problems inherent in being incarcerated" are insufficient to warrant equitable tolling. Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003).

In addition to demonstrating the existence of extraordinary circumstances, petitioner "must further demonstrate that those circumstances caused him to miss the original filing deadline." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011). The requisite causal link may be lacking "where the identified extraordinary circumstances arose and concluded early within the limitations period," because in such cases "a diligent petitioner would likely have no need for equity to intervene to file within the time remaining to him." Id.

Petitioner offers three reasons why the one-year statute of limitations should be tolled. First, petitioner claims that he was unknowledgeable about the procedure for filing a habeas petition prior to accessing the Electronic Law Library at the correctional facility and, in particular, was unaware of AEDPA's one-year limitations period. Second, petitioner claims that although he had access to certain papers provided by the Court,

4

he required and sought additional information from his trial and appellate counsel.  Despite his efforts to obtain this information, his attorneys did not send the documents in time for him to timely file his petition.  Third, petitioner claims that upon compiling his petition, he was transferred to another correctional facility, and his petition was lost during transit.  The petition and June 9 submission do not identify the date of transfer.  He then "gave up on the application" and only renewed his efforts to compile the necessary documents in January 2013.  The grounds listed in petitioner's June 9 submission are insufficient to warrant equitable tolling.

In order to be entitled to equitable tolling, petitioner must demonstrate that he was diligently pursuing his rights during the period of time he wishes to toll.  See Harper, 648 F.3d at 136, 138-42.  Petitioner's spare submission does not show that the petitioner diligently pursued his rights for the nearly two year and four month period between the date the petitioner's conviction became final and the filing of his habeas petition.  Even if petitioner had demonstrated that extraordinary circumstances prevented him from filing the petition before December 22, 2011 -- which he has not -- he offers no description of how he spent the next year and four months before filing this petition.  Indeed, he acknowledges that he "gave up on the application" for some unspecified period

5

of time and only renewed his efforts to compile his petition in January 2013. Under the circumstances, because petitioner has not shown that he diligently pursued his rights, he is not entitled to equitable tolling of AEDPA's one-year statute of limitations. See Warren v. Garvin, 219 F.3d 111, 113-14 (2d Cir. 2000).

In addition, petitioner has not demonstrated that "extraordinary circumstance stood in his way and prevented" him from filing a timely petition. Harper, 648 F.3d at 137. Ignorance of the procedural requirements for filing a habeas petition is not an extraordinary circumstance justifying equitable tolling. See Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010) (equitable tolling doctrine does not "allow tolling whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel").

Petitioner's claim regarding his lawyers' delay in providing "information needed to complete" the petition is also insufficient to justify equitable tolling. First, petitioner offers no detail with respect to the information he sought and why he could not adequately prepare his petition without it. Cf. Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) ("In order for 'extraordinary circumstances' to have prevented [plaintiff] from timely filing his complaint, the information he

6

sought . . . must have been necessary for that complaint to have been legally sufficient."). In addition, petitioner must "establish that he acted diligently" in trying to obtain the information from his trial and appellate counsel. Rivas, 687 F.3d at 539. Petitioner does not explain when he sought the information or when it was received. Perez's statement that he sent "several letters and various emails" to counsel does not demonstrate that he acted diligently during the period of time which he seeks to have equitably tolled. An examination of his petition does not shed light on any of these issues.

Finally, the petitioner's claim that his original petition was lost in transit when he was transferred from one correctional facility to another also does not warrant equitable tolling. Petitioner does not indicate when he was transferred. This is relevant because if, acting with reasonable diligence and despite the loss of the original petition, Perez could have timely filed the petition then he would be unable to demonstrate the necessary causal link between the extraordinary circumstances and his untimely filing. And even if the loss of petitioner's original petition constituted an extraordinary circumstance that prevented him from filing his petition by December 22, 2011, he would at most be entitled to a period of tolling consistent with the period of time it would take the petitioner, acting with reasonable diligence, to compile and

7

submit a new petition, in addition to any untolled time that has not exceeded the limitations period.  Harper, 648 F.3d at 139.  Perez submitted his petition roughly one year and four months after the December 22, 2011 filing deadline and, as described above, Perez's submission offers no indication that he acted with reasonable diligence during that entire time to reassemble and submit his habeas petition, or that sufficient untolled time remained to make the petition timely.  As petitioner has failed to demonstrate that he is entitled to equitable tolling of the statute of limitations, his petition is denied as untimely.

CONCLUSION

Petitioner's April 29, 2013 habeas petition is denied.  In addition, the Court declines to issue a certificate of appealability.  Perez has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         July 12, 2013

_____
DENISE COTE
United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FRANKIE PEREZ,                          :    13 Civ. 3025 (DLC)
                                        :    08 Cr. 798
                      Petitioner,       :
                                        :    ORDER
           -v-                          :
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                      Respondent.       :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On May 3, 2013, the Pro Se Office received petitioner Frankie Perez's ("Perez") motion to vacate his sentence pursuant to 28 U.S.C. § 2255. A judgment of conviction was entered against Perez on April 6, 2009 by this Court. Perez appealed his conviction to the Court of Appeals for the Second Circuit, which affirmed his conviction on September 23, 2010. See United States v. Perez, 396 Fed. App'x 711 (2d Cir. 2010). There is no indication in the record that Perez filed a petition for writ of certiorari to the United States Supreme Court.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year period of limitations for a federal inmate to file a habeas petition under 28 U.S.C. § 2255. The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the

Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A conviction becomes final for AEDPA purposes "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522 (2003). A petition for writ of certiorari to the Supreme Court must be filed within ninety days after the entry of judgment by the Court of Appeals. See S.Ct.R. 13(1). The ninety-day period for filing the petition runs "from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." S.Ct.R. 13(3). Accordingly, Perez's conviction can be considered final as of December 22, 2010. Unless one of the above exceptions applies, his petition is barred by AEDPA's statute of limitations.

The one-year limitations period for Section 2255 petitions may be equitably tolled, however, where a petitioner shows "(1)

2

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citation omitted). In addition to demonstrating the existence of extraordinary circumstances, the petitioner must show "that those circumstances caused him to miss the original filing deadline." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).

Accordingly, Perez is directed to show cause by affirmation by July 15, 2013, why the one-year statute of limitations should not bar his petition. No answer shall be required at this time, and all further proceedings shall be stayed for sixty days from the date of this Order. If Perez fails to comply with this Order by July 15, 2013, his petition will be dismissed as time-barred.

SO ORDERED:

Dated: New York, New York
May 15, 2013

_____
DENISE COTE
United States District Judge

3

COPIES MAILED TO:

Frankie Perez
61269-054
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590

COPIES MAILED TO:

Frankie Perez
# 61269-054
USP Atlanta
U.S. Penitentiary
P.O. Box 150160
Atlanta, GA 30315